IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:23-cr-00020 |
| v. | ) |
| | ) MOTION FOR PRELIMINARY |
| MARISSA RALEEN MORGAN, | ) ORDER OF FORFEITURE |
| | ) |
| Defendant. | ) |

COMES NOW the United States of America, through Assistant U.S. Attorney Craig Peyton Gaumer, and respectfully submits this Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. **Statutory Authority.**   The Court's authority in this matter is founded upon 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

2. **Notice of Forfeiture in the Indictment.**   On February 15, 2023, an Indictment was returned in the Southern District of Iowa, which alleged specific property was forfeitable from the Defendant if she were convicted of Counts 1, 2, 4, 5, 7, 8, and 10 through 13 (false statement during purchase of a firearm), Counts 3, 6, and 9 (straw purchasing of a firearm), and Count 14 (unlawful user in possession of a firearm).

3. **Basis for Forfeiture to the United States.**   On April 26, 2023, the Defendant pled guilty to Counts 1, 3, 6, 9, and 12 (DCD 27), and pursuant to a written plea agreement, consented to forfeiture of the following property, which is legally and factually forfeitable (DCD 29, ¶ 7):

   **a) A Heritage, model Rough Rider, .22 caliber revolver (SN: 1BH516722);**

   **b) A Glock, model 29 Gen 4, 10mm pistol (SN: BWBX921);**

   **c) A Glock, model 45 Gen 5, 9mm pistol (SN: BUVR572);**

  **d) A Glock, model 45, 9mm pistol (SN: BWVM330);**

  **e) A Glock, model 29 gen 4, 10mm pistol (SN: BXDX854); and**

  **f) A Smith and Wesson, model SD9VE, 9mm pistol (SN: FEB2980).**

On May 22, 2023, this Court adopted the Report and Recommendation as to Defendant's guilty plea. (DCD 33.) Thus, the foregoing property can be preliminarily forfeited to the United States.

  4. **Entry of Preliminary Order of Forfeiture.** Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), the Court must, "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty . . . is accepted, on any count in an indictment . . . regarding which criminal forfeiture is sought, . . . determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). This determination can be based on the plea agreement and any other evidence contained within the record. Fed. R. Crim. P. 32.2(b)(1)(B). Once the Court finds property forfeitable under Fed. R. Crim. P. 32.2(b)(1), it "must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). Once such an order is entered, the government is authorized to commence third party (ancillary) proceedings. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(3).

  5. **Finality of Preliminary Order of Forfeiture.** Fed. R. Crim. P. 32.2(b)(4)(A) and (B) provide that "at sentencing—or at any time before sentencing if the defendant consents—the preliminary order of forfeiture becomes final as to the

defendant" and must be made part of the sentence and be included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6. **Final Order of Forfeiture.**  When the ancillary proceeding ends, "the [C]ourt must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights."  Fed. R. Crim. P. 32.2(c)(2).  In this district, the Court typically enters a Final Order of Forfeiture even if there are no third-party filings, to document that the forfeiture part of the case has concluded.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By:  */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel:  (515) 473-9300
Fax:  (515) 473-9292
Email:  craig.gaumer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail  _____Fax  _____Hand Delivery  __X__ECF/Electronic filing  _____Other means

UNITED STATES ATTORNEY
By:  */s/ D. Olsthoorn*
Paralegal Contractor